[Cite as *State v. Coventry*, 2024-Ohio-3047.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | | |

| | |
|---|---|
| STATE OF OHIO | C.A. No.    2023AP0036 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| ROBERT COVENTRY | COURT OF COMMON PLEAS COUNTY OF WAYNE, OHIO |
| Appellant | CASE No.    2023 JUV-E 000395 |

DECISION AND JOURNAL ENTRY

Dated: August 12, 2024

SUTTON, Presiding Judge.

{¶1}    Defendant-Appellant, Robert Coventry, appeals from the judgment of the Wayne County Court of Common Pleas, Juvenile Division.  This Court affirms.

I.

{¶2}    The police responded to the residence of sixteen-year-old A.W. based on reports of a possible overdose.  Officers learned that he had smoked marijuana at a nearby residence.  A.W. later told the police that Mr. Coventry had given him the marijuana.  He also indicated that he had smoked marijuana with Mr. Coventry at Mr. Coventry's home on prior occasions.

{¶3}    After emergency workers transported A.W. to the hospital, the police went to Mr. Coventry's home and spoke with him.  The police detected the odor of marijuana at the residence, and Mr. Coventry admitted he had smoked marijuana with A.W.  Mr. Coventry later denied making that admission.  He also denied having any knowledge that A.W. was underage.

{¶4} The juvenile court issued a complaint against Mr. Coventry, charging him with contributing to the unruliness or delinquency of a child. A magistrate conducted a bench trial and found Mr. Coventry guilty. The magistrate recommended a suspended sentence and a fine. Upon review of the magistrate's decision, the juvenile court entered judgment against Mr. Coventry. The juvenile court sentenced him to a suspended jail term, a fine, and court costs.

{¶5} Mr. Coventry now appeals from the juvenile court's judgment and raises one assignment of error for review.

II.

**ASSIGNMENT OF ERROR**

[MR.] COVENTRY[']S CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶6} In his sole assignment of error, Mr. Coventry argues his conviction is against the manifest weight of the evidence. For the following reasons, we reject his argument.

{¶7} "Juv.R. 40 governs proceedings before a magistrate and the juvenile court's duties in adopting or rejecting a magistrate's rulings." *In re C.M.*, 2009-Ohio-943, ¶ 7 (9th Dist.). The rule provides, in relevant part:

> Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Juv.R. 40(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Juv.R. 40(D)(3)(b).

Juv.R. 40(D)(3)(b)(iv). "Accordingly, '[w]hen a party fails to raise an issue in the party's objections to the magistrate's decision, it may not be raised for the first time on appeal.'" *In re L.B.S.*, 2019-Ohio-3312, ¶ 50 (9th Dist.), quoting *In re A.M.*, 2017-Ohio-7653, ¶ 9 (9th Dist.).

{¶8} Mr. Coventry did not file any objections to the magistrate's decision. Because he failed to raise his argument in the lower court by way of objection, he has forfeited all but plain

error on appeal. *See* Juv.R. 40(D)(3)(b)(iv); *In re L.B.S.* at ¶ 50. Mr. Coventry has not argued plain error on appeal. This Court will not create an argument on his behalf. *See In re L.B.S.* at ¶ 50; *Cardone v. Cardone*, 1998 WL 224934, *8 (9th Dist. May 6, 1998). Accordingly, Mr. Coventry's assignment of error is overruled.

### III.

**{¶9}** Mr. Coventry's assignment of error is overruled. The judgment of the Wayne County Court of Common Pleas, Juvenile Division, is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETTY SUTTON
FOR THE COURT

HENSAL, J.
FLAGG LANZINGER, J.
CONCUR.


APPEARANCES:

WESLEY A. JOHNSTON, Attorney at Law, for Appellant.

ANGELA WYPASEK, Prosecuting Attorney, and MICHAEL B. WRIGHT, Assistant Prosecuting
Attorney, for Appellee.